**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Crim. No. 3:02-cr-00072** |
| | ) | **Judge Trauger** |
| | ) | |
| **JUAN CANELA,** | ) | |
| | ) | |
| **Defendant,** | ) | |
| | ) | |
| **PAULA CANELA,** | ) | |
| | ) | |
| **Third Party Petitioner.** | ) | |

## MEMORANDUM

On January 3, 2019, the government filed a Motion for Entry of a Preliminary Order of Forfeiture of Defendant Canela's Interest in Substitute Asset Real Property (Doc. No. 183), which the court granted (Doc. No. 187). Thereafter, Paula Canela, wife of defendant Juan Canela, filed a Third Party Petition (Doc. No. 195), contesting the forfeiture of the real estate sought by the government. The government filed a Response in Opposition to Third Party Petition (Doc. No. 196), which the court construes as a motion to dismiss the Third Party Petition for lack of standing. Upon being directed to do so by the court, Paula Canela filed a Response to the Government's Construed Motion to Dismiss (Doc. No. 202), and the government filed a Reply (Doc. No. 204).

For the reasons set forth herein, the court finds that no sentence of forfeiture was issued and no judgment of forfeiture was ever entered against defendant Juan Canela in this case, as a

result of which the United States lacks the authority to effect the forfeiture of any real estate or other property owned by Juan Canela. The court, therefore, will vacate the Preliminary Order of Forfeiture of Defendant Canela's Interest in Substitute Asset Real Property (Doc. No. 187) and deny as moot the Third Party Petition (Doc. No. 195).

## I.    Background

Then-defendant Juan Canela was indicted under 21 U.S.C. §§ 841(a)(1) and 846 (Counts 1–3) in April 2002. (Doc. No. 25.)[1] The Indictment included a forfeiture count (Count 4), pursuant to 21 U.S.C. § 853. In April 2003, a jury found Canela guilty on Counts 1 through 3 of the Indictment (Verdict Form, Doc. No. 79) and was then called upon to consider the forfeiture issue. The jury completed a Special Jury Verdict Form, finding that $200,000 was "property constituting or derived from proceeds that JUAN CANELA received as a result" of his crime. (Doc. No. 80.) Consistent with the jury verdict, the government filed a Motion for Issuance of a Preliminary Order of Forfeiture, seeking forfeiture of specific property derived from the defendant's criminal enterprise. (Doc. No. 91.) A Preliminary Order of Forfeiture was entered on September 10, 2003, providing that the defendant "shall forfeit to the Government the amount of $200,000.00 or any other property up to that amount." (Doc. No. 92.) Almost two years later, on April 2005, the court entered an Amended Preliminary Order of Forfeiture, applying $38,000 seized by the government to the $200,000 judgment. (Doc. No. 155.) Shortly thereafter, the court entered a Final Order of Forfeiture as to the $38,000. (Doc. No. 161.) No final order of forfeiture of the remaining $162,000 was ever entered.

Although the jury rendered its verdict in 2003, Canela was not actually sentenced until October 31, 2005. The government's Motion for Downward Departure (Doc. No. 168) explains

---

[1] The case was initiated before electronic filing. Documents filed before June 2005 (through Doc. No. 159) are not available for review online through CM/ECF.

that Canela had begun cooperating with the government in November 2003, at great personal risk to himself. He ultimately provided substantial assistance and testimony in an unrelated case that led to the conviction of a fellow inmate for conspiracy to kill an Assistant U.S. Attorney and three other people, using a mafia hitman. (*Id.*; *see also* Sent'g Tr., Doc. No. 186.) At the sentencing hearing conducted on October 31, 2005, Canela was sentenced to a prison term of five years, to be followed by four years of supervised release. (Doc. No. 186, at 23.)

Importantly, the issue of forfeiture was never even mentioned—by the government, defense counsel, or the court—a single time during the entirety of the sentencing hearing. (*See id.*, *passim.*) Judgment was entered in November 2005. (Doc. No. 172.) Although the Judgment references the finding of guilt on Count 4, for Criminal Forfeiture under 21 U.S.C. § 853, it contains no reference to the amount of the forfeiture awarded. It does not incorporate by reference or otherwise the Preliminary Order of Forfeiture of Substitute Assets or, indeed, the Final Order of Forfeiture of the $38,000. Neither party appealed.

Canela was released from prison in July 2006. In November 2008, the court granted his motion for early termination of supervised release. (Doc. No. 181.) As of that date, Canela was a free man, having fully served his sentence. However, from the government's perspective at least, regardless of whether Canela himself was aware of it, a forfeiture money judgment of $162,000 still hung over his head. No further payments have been made toward the money judgment since that time.

According to the allegations in the sworn Third Party Petition, Juan Canela married Paula Canela[2] on May 24, 2008. In August 2009, more than a year after the marriage and nearly a year after the termination of supervised release, Canela, as a "married person," purchased real

---

[2] The court will refer to Juan Canela in this Memorandum as "Canela" and Paula Canela as "Ms. Canela" or "Paula Canela."

property located at 1264 Roma Court in Orlando, Florida (the "Subject Property"). Paula Canela avers in the Third Party Petition that the home was purchased as a family home for her and her husband and that no funds derived from the criminal enterprise that led to Canela's 2003 conviction were used to purchase the property. (Doc. No. 195, at 1–2.) Although the Subject Property is titled to Juan Canela, "a married person," Paula Canela's name is not specifically identified on the Special Warranty Deed. (Doc. No. 185-1.) The government maintains that only Canela's name was on the original mortgage. The mortgage was re-recorded in November 2010 to show Paula A. Canela as a co-borrower. (Doc. No. 196-1.)[3] There is no dispute that Paula Canela has been on the mortgage since no later than November 2010.

Fast forward nine years. On January 29, 2019, the government filed its Motion for Entry of a Preliminary Order of Forfeiture of Juan Canela's interest in the Subject Property as a substitute asset, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p), to partially reduce or pay in full the remaining balance of the forfeiture judgment. (Doc. Nos. 183, 184.) It is unclear whether Canela received notice of that motion. He did not file a response to it. The court granted the motion on February 13, 2019, entering a Preliminary Order of Forfeiture that effectively terminated Juan Canela's right, title and interest in the Subject Property, vested such interest in the United States, and authorized the Attorney General or his designee to seize the Subject Property and to begin ancillary proceedings to quiet title as to any third-party interests. (Doc. Nos. 187, 183-1.) Pursuant to 21 U.S.C. § 853(n), the government was required to publish notice of the Order and notice of its intent to dispose of the Subject Property. Said notice was required to direct any person with a legal interest in the

---

[3] In her Reply brief, Ms. Canela points out that the government presents no evidence that she was not on the original mortgage and posits that it is "just as likely [that] she was an original co-borrower but [that] her name was mistakenly left off the of the mortgage and the mistake was corrected in 2010." (Doc. No. 202, at 5–6 n.8.)

property to file a petition setting forth the nature and extent of the legal interest, any additional facts supporting the petitioner's claim to the forfeited property, and the relief sought. *Id.* § 853(n)(2).

In response to that notice, Ms. Canela filed her timely Petition. In support of her claim to the Subject Property, Ms. Canela states that she is the lawfully married spouse of Juan Canela; that she did not know at the time of the marriage or at the time the home was purchased that it might be subject to forfeiture; that the Special Warranty Deed conveying the property to Juan Canela clearly indicates that he was a "married person" at the time of the conveyance; and that, as the legal spouse of Juan Canela, under Florida law she has "a valid, good faith, and legally cognizable interest in the [Subject Property] even though [her] name does not appear on the deed." (Doc. No. 195 ¶ 15.)

In the construed motion to dismiss the Third Party Petition, the government argues that Ms. Canela has no "legal interest" in the Subject Property under Florida law, because a "marital asset" does not vest legal interest in real property in a non-titled spouse until and unless a judgment from a divorce court vests title in the non-titled spouse. As a result, the government claims, Ms. Canela "has no standing in this lawsuit." (Doc. No. 196, at 2 (citing *United States v. Kermali*, 60 F. Supp. 3d 1280 (M.D. Fla. 2014)).) It also argues that Florida Homestead law is preempted by federal forfeiture law. (*Id.* (citing *United States v. Fleet*, 498 F.3d 1225 (11th Cir. 2007)).)

Ms. Canela's Response to the Construed Motion to Dismiss argues that the original 2005 forfeiture is "fatally flawed because forfeiture was not mentioned orally at sentencing and is not included in the judgment." (Doc. No. 202, at 12.) Paula Canela contends that, because the original forfeiture order is invalid, a forfeiture order against purported substitute property based

on that original order is also void. (*Id.*) She further asserts that *Kermali* is not binding on this court and was incorrectly decided and that she has both legal standing and a claim of legal interest in the family home.

The court directed the government to file a Reply, which it has now done. The government argues that the 2003 money judgment was incorporated by reference in the criminal Judgment; the 2005 Order permitted a forfeiture of assets that reduced the 2003 money judgment; Paula Canela lacks standing to challenge the forfeiture judgment entered against Juan Canela; and Juan Canela waived his ability to attack the forfeiture by failing to appeal or otherwise challenge it.

## II.     Analysis

Under 21 U.S.C. § 853, "[a]ny person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States . . . (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation" and "(2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation." 21 U.S.C. § 853(a). Although the statute by its terms pertains only to property used in or derived from the criminal enterprise and does not specifically list personal money judgments as a form of forfeiture, the Sixth Circuit nonetheless has held that they are permissible: "nothing suggests that money judgments are forbidden." *United States v. Hampton*, 732 F.3d 687, 691–92 (6th Cir. 2013) (collecting cases).

The law is clear that "[c]riminal forfeiture is part of a defendant's sentence." *Id.* at 690. At the time Canela was sentenced, Rule 32.2 stated, "At sentencing—or at any time before sentencing if the defendant consents—the order of forfeiture becomes final as to the defendant

and *must be made a part of the sentence and be included in the judgment*." Fed. R. Crim. P. 32.2(b)(3) (2005) (emphasis added).[4] Rule 35 provided then that a court could, "[w]ithin 7 days after sentencing, . . . correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a) (2005).[5] "Sentencing" was defined by this rule as "the oral announcement of the sentence." Fed. R. Crim. P. 35(c) (2005). On the other hand, Rule 36 provided that a court could "correct a clerical error in a judgment" "at any time" after giving such notice as it felt appropriate. Fed. R. Crim. P. 36 (2005). "Rule 36 is normally used to correct a written judgment of sentence to conform to the oral sentence pronounced by the judge." *United States v. Bennett*, 423 F.3d 271, 278 (3d Cir. 2005) (citing 26 James Wm. Moore et al., *Moore's Federal Practice* ¶ 636.03[1][c] (3d ed.).

The question presented in this case is this: What happens when, as here, forfeiture was not mentioned in the defendant's oral pronouncement of sentence or incorporated into the final Judgment, but the government nonetheless seeks, almost fourteen years after entry of Judgment, the forfeiture of the (former) defendant's interest in substitute assets? No case of which this court is aware has addressed precisely the factual scenario presented here, but some relevant cases offer insight into how to proceed.

### A.    The Caselaw: Rules 32, 35, and 36

Chief Justice John Roberts has explained that Rule 35 has long been strictly construed:

---

[4] Rule 32.2 was amended substantially in 2009. It now states, in relevant part: "The court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing. The court must also include the forfeiture order, directly or be reference, in the judgment, but the court's failure to do so may be corrected at any time under Rule 36." Fed. R. Crim. R. 32.2(b)(4)(B). Even as amended, the rule does not allow correction "at any time" of a failure to include forfeiture in the sentence as announced at the sentencing hearing.

[5] Rule 35, also amended in 2009, now permits correction for clear error within 14 days after sentencing, rather than 7. Fed. R. Civ. P. 35(a) (2009).

> Once a sentence has been imposed, moreover, it is final, and the trial judge's authority to modify it is narrowly circumscribed. We have stated that "the trial courts had no such authority" prior to the adoption of Rule 35, *United States v. Addonizio*, 442 U.S. 178, 189, and n.16 (1979) . . . . Today, an error may be corrected by the trial court only if it is "clear," and only within 14 days after the sentence is announced. Rules 35(a), (c). The Rule of Criminal Procedure allowing extensions of time expressly provides that "[t]he court may not extend the time to take any action under Rule 35, except as stated in that rule." Rule 45(b)(2). This Court has reiterated that time limits made binding under Rule 35 "may not be extended," *Addonizio*, *supra*, at 189, and that Rule 45(b)(2) creates "inflexible" "claim-processing rules," *Eberhart v. United States*, 546 U.S. 12, 19 (2005) (per curiam).

> Thus, if the trial court fails to impose a mandatory term of imprisonment . . . the Government cannot simply ask it to impose the correct sentence later. If the error is clear, and raised within 14 days, it might be corrected under Rule 35. Otherwise, the Government must appeal, and seek resentencing on remand. §§ 3742(b)(1), (g).

*Dolan v. United States*, 560 U.S. 605, 622–23 (2010) (Roberts, C.J., dissenting) (emphasis added).

Chief Justice Roberts' dissent in *Dolan* implies that this court's failure to announce forfeiture as part of Canela's sentence during the sentencing hearing, and subsequent failure to incorporate forfeiture into the final Judgment, amounted to more than a mere clerical error and, since the government did not seek to correct the sentence within the time allotted by Rule 35, constituted an error that could only have been corrected through an appeal *by the government*. The Eleventh Circuit's decision in *United States v. Pease*, 331 F.3d 809 (11th Cir. 2003), is consistent with that suggestion. As discussed below, *Pease* suggests that, where neither the orally announced sentence nor the written judgment incorporates forfeiture, forfeiture simply never became part of the defendant's sentence. That is, there is no forfeiture judgment for the government to execute.

*Pease* is the only case this court has located that is in a procedural posture remotely similar to this one. There, the defendant had entered a guilty plea pursuant to a plea agreement in

which he agreed to forfeit his interest in specific real and personal property. After entry of the plea but before sentencing, the court entered a preliminary order of forfeiture. At sentencing, a few weeks later, the court failed to make any reference to forfeiture or to make the preliminary order part of the judgment. *Id..* at 815 n.18. The written judgment reflected the prison sentence but was "entirely silent as to forfeiture." *Id.* at 811. The defendant appealed his conviction and sentence—but not the forfeiture, which was not mentioned in the oral sentence or written judgment. As the Eleventh Circuit noted later, the government "could have cross-appealed the defendant's sentence under 18 U.S.C. § 3742(b)—specifically, the district court's failure to include an order of forfeiture in its final judgment—but did not do so." *Id.* The court affirmed. *United States v. Pease* ("*Pease I*"), 240 F.3d 938 (11th Cir. 2001).

While the appeal was still pending in *Pease I*, the government acted on the preliminary order of forfeiture and published notice to third parties regarding certain real properties it believed were subject to forfeiture. The defendant's mother and sister filed petitions under 21 U.S.C. § 853(n)(2), claiming an interest in some of the property. The defendant also filed a § 853(n)(2) petition, which the government moved to strike. The defendant and the third-party petitioners both filed motions to dismiss the ancillary proceeding altogether, arguing that the court lacked authority to entertain it in light of the court's failure to enter a final order of forfeiture or to include forfeiture in the judgment. "Realizing that the petitioners' motions might have merit," the government moved to amend the judgment under Rule 36 to include a final order of forfeiture mirroring the preliminary order of forfeiture. *Pease*, 331 F.3d at 812. The district court granted the government's motion to amend and denied the petitioners' § 853(n) petitions.

On appeal, the Eleventh Circuit held, unequivocally, that the government "cannot acquire

a convicted defendant's interest in property forfeited under 21 U.S.C. § 853(a) unless and until the district court orders the interest forfeited as part of its judgment in the defendant's case." *Pease*, 331 F.3d at 813 (citations omitted). Further, under Rule 32.2, "criminal forfeiture [must] be made a part of the judgment in the defendant's case." *Pease*, 331 F.3d at 814–15. In that case, "due to the absence of a forfeiture order in the judgment entered in the defendant's case, the United States did not acquire the defendant's property." *Id.* at 815. The court went on to hold that the district court lacked authority under Rule 36 to amend the judgment, because the failure to include forfeiture was not merely a clerical mistake or oversight; it was, instead, "a substantive alteration to a criminal sentence." *Id.* at 816. The court therefore reversed the district court's decision and remanded with instructions that the court dismiss the ancillary proceeding for lack of an order of forfeiture. *Id.* at 817.

*Pease* has come under scrutiny in subsequent years, and other circuit courts have reached different conclusions under different circumstances. Most notably, as the Eleventh Circuit itself has held, *Pease* was abrogated in part by the 2009 amendment to Rule 32.2 which, as indicated above, now permits a court to correct the written judgment to include an erroneously omitted forfeiture order "at any time under Rule 36."[6] Fed. R. Crim. P. 32.2(b)(4)(B); *see United States v. Cano*, 558 F. App'x 936, 940 (11th Cir. 2014) (finding *Pease* to be superseded in part by the amendment to Rule 32.2).

In addition, even prior to the amendment to Rule 32.2, many courts had held that Rule 36 permitted the amendment of a judgment to include reference to forfeiture. For example, in

---

[6] *See also United States v. Holder*, No. 3:08-00143, 2010 WL 478369, at *3 (M.D. Tenn. Feb. 4, 2010) (Trauger, J.) ("The amendments to Rule 32.2 have effectively superseded *Pease*."); *see id.* at *3 n.4 (finding that, even if the amendments did not apply to judgments entered before December 1, 2009, the court maintained the authority to amend the judgment to include a final order of forfeiture, where forfeiture was clearly made part of the defendant's sentence at the sentencing hearing).

*United States v. Bennett*, 423 F.3d 271, 279 (3d Cir. 2005), the Third Circuit affirmed the district court's order granting the government's motion to amend the judgment under Rule 36 "to add an obviously warranted order of forfeiture." In that case, the indictment included forfeiture charges. Following a jury trial and the issuance of a special jury verdict finding forfeiture warranted, counsel for the defendant read into the record a forfeiture stipulation specifically stipulating to the forfeiture of two bundles of cash totaling $42,020. The government moved for a preliminary order of forfeiture of that cash the same day, which the court granted two days later. When the defendant was sentenced several months later, neither the oral sentence nor the written judgment referenced forfeiture, but, a few months later, the government filed a motion for final order of forfeiture, which the district court granted. Three years later, the defendant filed a motion for return of the forfeited cash under Rule 41(g) of the Federal Rules of Criminal Procedure, presumably arguing that forfeiture was improper because it had not actually been included in the judgment.

At that point, the government filed a motion to amend the judgment to include a forfeiture order. The district court granted the motion; the defendant appealed, arguing that the district court lacked authority at that late date to amend the judgment. The Third Circuit affirmed. It recognized that Rule 35 did not apply, since the time limit for amendment to the judgment under that rule had long-since expired. It also recognized that, "[i]n most cases, an error made by the court in imposing its oral sentence will not be a clerical error within the meaning of Rule 36." *Id.* at 278. It nonetheless held that "most courts that have reached the issue have allowed Rule 36 amendment to add an obviously warranted order of forfeiture." *Id.* at 279. The factors relevant to its decision to permit the amendment included that the defendant was aware from the time of his indictment up until sentencing that the government expected him to

forfeit the $42,020; he never objected to that amount; and his attorney stipulated to it in open court after the conviction. "This case involves no unfair surprise, no dispute about the dollar amount of the forfeiture, and no suggestion that anyone else is entitled to keep the money." *Id.* at 281. The court also found that the failure to include the order of forfeiture in the final judgment "resulted from an organizational failure," attributable as much to the courtroom deputy as to the judge, rather than a legal error. *Id.*

The court in *Bennett* cited approvingly the Eighth Circuit's decision in *United States v. Hatcher*, 323 F.3d 666 (8th Cir. 2003). There, a count of criminal forfeiture was included in the indictment, arising from a money-laundering count. A jury convicted and the court imposed sentences and entered restitution orders as well as a forfeiture order against one of the defendants. When that defendant was sentenced orally, there was no mention of the forfeiture; the written judgment likewise contained no mention of forfeiture. The government "promptly" filed a motion to correct the judgment, which the court granted. *Id.* at 673. The amendment was entered less than three months after entry of judgment. The defendant appealed, arguing that the correction came too late to fit within the seven days allotted by Rule 35 and that it was not permitted under Rule 36. The Eighth Circuit disagreed, finding, in light of the earlier preliminary order of forfeiture, that amending the judgment under Rule 36 was permissible as a clerical error. *Id.* at 673.

The First Circuit addressed a similar issue in *United States v. Yeje-Cabrera*, 430 F.3d 1 (1st Cir. 2005). There, following a jury trial, the defendant asked on appeal that a final order forfeiting $5.2 million and two parcels of land be reversed, because the final order of forfeiture was entered after final judgment instead of being incorporated into the judgment, as required by Rule 32.2(b)(3). The First Circuit, first, rejected the government's contention that there was no

Rule 32.2 violation simply because the judge told the defendant at sentencing that he was allowing the preliminary order of forfeiture to become final. Although an oral sentence trumps the written, "oral sentencing does not trump Rule 32.2(b)(3)," which requires that forfeiture be included in the judgment. *Yeje-Cabrera*, 430 F.3d at 13.

The court then confronted the question of what remedy to apply, noting that "[t]he appropriate remedy for violation of the Rule depends on context." *Id.* at 14. The court specifically recognized that "a lack of notice and opportunity for the defendant and third parties to object to a proposed forfeiture" posed "a very serious situation," one not present in the case before it. *Id.* (citing *Pease*, 331 F. 3d at 816 n.18 (where the court observed that the oral sentencing did not mention forfeiture); *United States v. Petrie*, 302 F.3d 1280, 1284 (11th Cir. 2002) (in which forfeiture was not mentioned at sentencing, and the final judgment stated only that the defendant was "subject to forfeiture as cited" in count one of the indictment, and preliminary order of forfeiture was entered six months after sentencing)). The case before the First Circuit did not involve such prejudicial circumstances. A preliminary order of forfeiture had been entered before sentencing, which the court referenced at sentencing but then simply neglected to incorporate into the final judgment. The government later obtained a final order of forfeiture, but it, too, overlooked the requirement that the forfeiture be included in the final judgment, since it did not move at that time to amend the judgment. *Id.* at 14. The defendant never, at any stage, opposed the proposed forfeiture, and the First Circuit rejected his effort to obtain reversal of the forfeiture order on appeal, finding that "mere failure to comply with Rule 32.2(b)(3)'s written judgment requirement" did not harm the defendant, who clearly had notice of the forfeiture. *Id.* at 16. The court agreed with the procedure now codified by the 2009 amendment to the rule, allowing a "*nunc pro tunc* amendment" to cure the failure to incorporate

the forfeiture into the judgment, while nonetheless recognizing that "cases where the defendant did not receive adequate notice that a final order of forfeiture would be entered pose different concerns than cases where the defendant knew of this fact all along." *Id.* (citing *United States v. Ferrario-Pozzi*, 368 F.3d 5, 9 (1st Cir. 2004); *United States v. Loe*, 248 F.3d 449, 464 (5th Cir. 2001)). To remedy the violation of Rule 32.2(b), the appellate court ordered "amendment of the judgment *nunc pro tunc* to include the final order of forfeiture." *Yeje-Cabrera*, 430 F.3d at 16.

In *Ferrario-Pozzi*, too, the defendant appealed the forfeiture portion of his sentence. There, however, the final judgment had incorporated the written order of forfeiture, but the defendant argued that the forfeiture amount had not been included in the oral pronouncement of sentence. The court found no error in light of the fact that the defendant had agreed at sentencing that he "was not contesting forfeiture itself, but simply the amount over two million dollars," and he specifically requested that the issue be resolved at a later hearing. *Id.* at 6, 7. In *Loe*, one of the defendants appealed the forfeiture of specific real property as part of her sentence, arguing that it had not been incorporated into the judgment. The Fifth Circuit disagreed, finding that the oral pronouncement of sentence had referenced the forfeiture and that, although the final written judgment did not, the government had moved to amend the judgment to include it. The district court had granted the motion and entered a *nunc pro tunc* amendment to the final judgment, describing the forfeited property. The Fifth Circuit "found nothing objectionable about this procedure," given, in particular, that the forfeiture was part of the oral pronouncement of judgment and that the oral judgment prevailed over the written. *Loe*, 248 F.3d at 464. Again, this decision was consistent with the 2009 amendment to Rule 32.2(b)(4).

More recently, in *United States v. Petix*, No. 17-3774, 2019 WL 1749176, at *1 (2d Cir. April 16, 2019), the Second Circuit was presented with a different scenario procedurally. There,

the defendant appealed a judgment requiring forfeiture of $189,863 in connection with his conviction for operating an unlicensed money transmitting business in violation of 18 U.S.C. § 1960. The district court had entered a preliminary order of forfeiture in July 2017. It conducted an initial sentencing hearing in September 2017 but adjourned the hearing to permit additional briefing on several issues, including forfeiture. At the reconvened hearing, the court announced that the defendant would be required to forfeit certain electronic equipment he had used in the course of his criminal enterprise but did not announce or mention money forfeiture. Two days later, the court entered the final order of forfeiture; it, like the preliminary order, required forfeiture of a money judgment in the amount of $189,863. Three days after that, the court entered a written judgment that, consistent with the oral pronouncement of sentence, required forfeiture of the electronic equipment but made no mention of a monetary forfeiture. Two months later, the court entered an amended written judgment that did include the money forfeiture of $189,863.

The defendant appealed the amended judgment, arguing that the failure to pronounce the monetary forfeiture as a component of his sentence at the actual sentencing hearing, "at which he appeared before the court and was personally informed of his sentence," violated that portion of Rule 32.2 that requires the court to "include the forfeiture when orally announcing the sentence or [to] otherwise ensure that the defendant knows of the forfeiture at sentencing." *Petix*, 2019 WL 1749176, at *1 (quoting Fed. R. Crim. P. 32.2(b)(4)(B) (2009)). The appellate court noted that it generally applies the plain-error standard of review to an objection not raised in the district court. However, because "the point of law on appeal is a term of the defendant's sentence and the defendant lacked prior notice in the district court that the term would be imposed," it reviewed the issue *de novo*. *Id.*

In conducting this review, the court found that the district court had erred in including in the final order of forfeiture a monetary forfeiture not announced at sentencing: "Because a defendant has a constitutional right to be present when he is sentenced, if there is a variance between the oral pronouncement of sentence and the written judgment of conviction, the oral sentence generally controls." *Id.* at *2 (citation omitted).

The court also rejected the government's argument that there was no error because the court had "otherwise ensure[d]" that the defendant knew of the forfeiture amount, since the indictment included a forfeiture provision, the court advised the defendant during the plea colloquy that it would impose a forfeiture in an amount to be determined, and the preliminary order of forfeiture stated the forfeiture amount. *Id.* The appellate court was "not convinced." *Id.* In particular, the court noted that those forms of notice are required by other rules provisions; if those prior warnings alone sufficed, there would be no need for Rule 32.2(b)(4)(B) to require that the defendant be informed of the forfeiture "*at sentencing*." *Id.* The court held that, as a result of the district court's error in failing to provide notice of the monetary forfeiture during the sentencing hearing, the entire monetary forfeiture would be stricken. It vacated the judgment in part and remanded with instructions that a corrected judgment be entered that removed the monetary forfeiture from the defendant's sentence. *Id.* at *3.

**B.      Canela's Case**

Each of the referenced cases is factually and procedurally distinct from the situation in this court, but they confirm that (1) there is no monetary forfeiture judgment in effect in Canela's case for the government to execute now; (2) the government has never sought to amend the Judgment to incorporate forfeiture; and (3) amending the judgment now would constitute a gross injustice and violation of Canela's constitutional rights.

First: there is no final order of money forfeiture and no forfeiture judgment in effect in this case. Initially, shortly after trial, the court did enter a Preliminary Order of Forfeiture in the amount of $200,000 or any other property up to that amount. (Doc. No. 92.) Later, upon the government's request, the court entered an amended preliminary order and final order of forfeiture specifically for the $38,000 in cash seized from the defendants prior to trial. These latter orders referenced in passing that this sum would be deducted from the $200,000 money judgment, but no final order of forfeiture of the remaining $162,000 was ever entered. Moreover, at the sentencing hearing, the words "forfeit" and "forfeiture" were never so much as mentioned. Forfeiture was not part of the sentence handed down during the sentencing hearing.

The Judgment simply noted that the defendant had been found guilty by a jury on the four counts in the Indictment and that the court adjudicated him guilty of the same four counts. The Judgment identifies all four counts as charged in the indictment, including that Count 4 was for "Criminal Forfeiture" in violation of 21 U.S.C. § 853, but it does not incorporate or reference the property or sum of money to be forfeited. (*See* Doc. No. 172, at 1.) The Judgment further states that the "defendant is sentenced as provided in this judgment." (*Id.*) The sentencing provisions of the Judgment reference only a prison term of 60 months (*id.* at 2) and a supervised release term of 4 years (*id.* at 3). It enumerates the special conditions of supervised release (*id.* at 4), assesses the mandatory criminal monetary penalty of $300 (*id.* at 5), and requires immediate payment of the $300 (*id.* at 6). The only place in which the term "forfeit" appears in the penalty portion of the Judgment is on the last page. There, the form Judgment includes the following:

> [ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

(*Id.*) The bracketed box is unchecked, and no property is identified following the colon. In other words, the Judgment in no way incorporates any order of forfeiture, in any amount, and the court

rejects the government's argument to the contrary.

As a result of both the failure to include forfeiture in the oral pronouncement of sentence or in the Judgment, it is also very clear to the court that Canela was never put on notice that a money forfeiture judgment was part of his sentence or that, because it allowed the forfeiture of substitute property, such a judgment would hang over his head effectively in perpetuity.

The government has never moved to amend the judgment to incorporate forfeiture. Indeed, one of the primary differences between Canela's case and *Bennett*, *Hatcher*, *Loe*, and *Pease* is that the government in those cases affirmatively recognized that the judgment in each case was defective and moved to amend the judgment to incorporate the final order of forfeiture.[7] An appeal arose in most of those cases from the district court's decision either to grant or deny the government's motion to amend the judgment. In this case, however, the government continues to maintain that a forfeiture order was "included by reference" in the Judgment in this case. It was not.

Regardless, even if the government had moved to amend the judgment, and even if it were to file such a motion now, amendment would not be warranted. The failure to include the forfeiture in the Judgment or to reference forfeiture at sentencing amounts in this case to more than a mere "clerical error," as the courts found in *Bennett*, *Yeje-Cabrera*, and other similar cases.[8] Simply stated, more notice was required under the circumstances of this case. Specifically, Canela was convicted in 2003 but not sentenced until 2005, after having provided

---

[7] The court's decision now is also not inconsistent with its ruling in *Holder*, where (1) the government actually moved to correct the judgment under Rule 36 to include forfeiture, (2) the oral pronouncement of sentence included forfeiture. 2010 WL 478369, at *3 & n.3.

[8] If Canela, like the defendant in *Bennett*, sought at this late date to contest the forfeiture of the $38,000 in cash that was the subject of both the preliminary and the final orders of forfeiture and has been in the government's possession since 2003, the court would likely find that Canela had sufficient notice of that forfeiture that it would not be inappropriate to correct the judgment to incorporate it.

substantial assistance to the government in an unrelated case, ultimately resulting in the government's Motion for Downward Departure Pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. (Doc. No. 168.) When he was sentenced, this downward departure was the focus of events; the issue of forfeiture clearly was not at the forefront of anyone's mind. Moreover, there is no indication that it was ever explained to Canela that a monetary forfeiture judgment could be executed by the government against any and all future assets Canela might ever possess, regardless of whether there was any connection between those assets and his past criminal activity.[9] Forfeiture was not "made a part of the sentence" as required by the version of Rule 32.2(b)(3) in effect at the time, nor did the court "otherwise ensure that the defendant knows of the forfeiture at sentencing," as Rule 32.2(b)(4)(B) now allows, given that the issue of forfeiture was never so much as mentioned, by any party, at the sentencing hearing. *Accord Petix*, 2019 WL 1749176, at *2. Under these circumstances, the court lacks authority to modify the sentence imposed almost fourteen years ago. *Accord Dolan v. United States*, 560 U.S. 605, 622 (2010) (Roberts, J., dissenting ("Once a sentence has been imposed, moreover, it is final, and the trial judge's authority to modify it is narrowly circumscribed." (citation omitted)); *see* Fed. R. Crim. P. 35(a) (2005) (giving the court 7 days (now 14) to correct an error in the sentence announced at the sentencing hearing).

Although the government argues that the defendant waived this issue by failing to appeal his judgment and that Paula Canela lacks standing to contest the forfeiture, the court is not persuaded. Canela himself had no reason to appeal the Judgment: he did not object to the prison term imposed, and neither his oral sentence nor the written Judgment incorporated forfeiture.

---

[9] If Canela had been given the requisite notice, he might, for example, have chosen to ensure that his wife's name was included on the deed of the house he purchased in 2009, which would, at the very least, have given Paula Canela a protected property interest in the house.

The onus was on the government to move to correct the sentence under Rule 35 (within seven days of sentencing) or to appeal the court's failure to incorporate forfeiture into the Judgment. *Accord Dolan*, 560 U.S. at 623 (Roberts, C.J., dissenting) ("If the error is clear, . . . it might be corrected under Rule 35. Otherwise, the Government must appeal, and seek resentencing on remand." (citing 21 U.S.C. § 3742(b), (g)); *see also Pease*, 331 F.3d at 811 (noting that the government could have cross-appealed the district court's failure to include order of forfeiture in its final judgment under 18 U.S.C. § 3742(b)).

The government did not seek to correct the sentence and did not appeal. As a result, Canela's sentence does not include forfeiture. Paula Canela's standing—like, for that matter, the nature of her interest in the Subject Property—is immaterial. The government lacks the authority to effect the forfeiture of the Subject Property, and the court is required to vacate the previously entered Preliminary Order of Forfeiture of Defendant Canela's Interest in Substitute Asset Real Property. *Accord United States v. Shakur*, 691 F.3d 979, 986–87 (8th Cir. 2012) (a final order of forfeiture that is not part of the judgment "has no effect"); *Pease*, 331 F.3d at 813–14 (finding that the government's interest in a defendant's property does not "come to fruition," "that is, the Government [does not actually acquire] the defendant's interest in the subject property" until and unless the district court includes an order of forfeiture in the judgment); *Yeje-Cabrera*, 430 F.3d at 13 ("[F]orfeiture, to be valid, must be included in the judgment." (citing *Pease*)).

## III. Conclusion

For the reasons discussed herein, the court will vacate the previously entered Preliminary Order of Forfeiture of Defendant Canela's Interest in Substitute Asset Real Property (Doc. No. 187) and deny as moot the Third Party Petition (Doc. No. 195) filed by Paula Canela.

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge